# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Fiorito

Plaintiff(s),

vs.

DRVM LLC DBA Direct Demo

Defendant(s).

Case No. 24-cv-4124-KMM/JFD
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
YES ___ xx    NO ___

**COMPLAINT SEEKING DAMGES, INJUNCTIVE RELIEF, DECLARATOY RELIEF, AND CLASS CERTIFICATION**

RECEIVED
BY MAIL
NOV 05 2024
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
NOV 05 2024
U.S. DISTRICT COURT MPLS

(Enter the full name(s) of ALL plaintiffs and defendants in this lawsuit. Please attach additional sheets if necessary.)

## COMPLAINT

### PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   Name        ___

   ___   _Michael Fiorito_____

   Street Address        19000 Stratford Road

County, City          __Minnetonka , Hennepin County

State & Zip Code          _____Minnesota 55345

Telephone Number          _____763 357 1659

2. List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.

a.   Defendant No. 1

Name          _DRVM LLC DBA   Direct Demo

Street Address          ____ **411 East Bonneville Ave, Suite 400**   County, City

State & Zip Code Las Vegas Nevada
_____89101_____

b.   Defendant No. 2

Name          _____

Street Address          _____

County, City          _____

State & Zip Code          _____

c.   Defendant No. 3

Name          _____

Street Address _____

County, City     _Hennepin County , Minnetonka

_____

State & Zip Code     _____Minnesota 55345

_____

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached: ☐**
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g., Additional Defendants 2.d., 2.e., etc.)**

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

xx Federal Question       xx Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply. Defendant violated the ADA, Federal Rehabilitation Act,
Defendant is domiciled in Nevada. Plainiff lives in Minnesota

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

Plaintiff Name:    Michael Fiorito              State of Citizenship: MN

Defendant No. 1:  DREAM LLC                    State of Citizenship: NV

Defendant No. 2:                               State of Citizenship:

**Attach additional sheets of paper as necessary and label this information as paragraph 5.**
**Check here if additional sheets of paper are attached.**

6.  What is the basis for venue in the District of Minnesota?  (*check all that apply*)

> ☐ Defendant(s) reside in Minnesota   ☐ Facts alleged below primarily occurred in Minnesota

> ☑ Other: explain  *ADA  CLAIM*

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim.  The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed.  Each paragraph must be numbered separately, beginning with number 7.  Please write each single set of circumstances in a separately numbered paragraph.

7.  _____See Attached Pages

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Facts and Causes of Action:**

1. Plaintiff's Residence: Michael Fiorito is a resident of Minnesota.

2.Defendant's Domicile: DRVM LLC ("Defendant") is a Nevada-domiciled company. There is no record with the Minnesota Secretary of State indicating that the Defendant is authorized to conduct business in Minnesota. DRVM LLC operates primarily by selling supplements within Costco stores nationwide, employing sales representatives to promote its products to Costco customers.

3. Employment Details: On or about February 12, 2024, Plaintiff was hired by Joe Psaradelis, an employee of the Defendant, who also operates under the name Direct Demo.

4. **Disclosure of Disability**: During a phone interview on or about February 25, 2024, Plaintiff disclosed to Mr. Psaradelis that he suffers from severe arthritis and traumatic brain injury (TBI), which hinder his ability to stand for extended periods. Plaintiff specifically requested accommodations, including a chair or stool, to manage his condition. Psaradelis assured Plaintiff that they would "deal with it" as necessary.

5. First Day of Work: On or about March 3, 2024, Plaintiff began working at the Eden Prairie Costco location.

6. Inability to Comply with Standing Requirements: Upon starting work, Plaintiff encountered difficulties due to the requirement to stand for prolonged periods. He experienced pain and swelling in his right ankle and left knee, necessitating breaks to alleviate discomfort.

7. **Need for Accommodations: Despite his attempts to endure the conditions, Plaintiff was compelled to sit due to his medical issues.

8. **Denial of Accommodations: Shortly thereafter, Plaintiff communicated his need for a chair to Mr. Psaradelis, who responded, "You can't be sitting on the Costco floor; just tough it out."

9. **Further Restrictions**: A few days later, another vendor informed Plaintiff that Mr. Psaradelis had instructed her to tell Plaintiff he could only sit during designated breaks and at no other time and he would be reprimanded if they "caught" him sitting

10. **Continued Denial of Needs: From approximately March 3, 2024, to April 28, 2024, Mr. Psaradelis, a Costco manager, and other employees repeatedly informed Plaintiff that he was not permitted to sit during his shifts, despite Plaintiff's ongoing requests for a chair due to his disabilities and despite Plaintiff showing them that his left knee and right ankle were swollen and red

11. **Persistent Requests for Accommodations**: On or about March 10, 2024, Plaintiff asked Psaradelis if he could use his own chair at work. Psaradelis firmly declined, stating, "Absolutely not; Costco will have me terminate you, and you will cause problems between Costco and Direct Demo. Stop causing trouble." On or about March 28, 2024, Plaintiff similarly inquired with the Costco manager, who responded, "No; if you're on the floor, you have to stand. Sitting makes us all look lazy."

12. Sales Performance: Despite his physical limitations, Plaintiff consistently achieved significant sales of the Defendant's products during this period.

13. Disciplinary Threats: On or about March 19, 2024, the Costco manager informed Psaradelis that Plaintiff had been sitting too much and not adhering to his station. The following day, Psaradelis warned Plaintiff that he had received complaints regarding Plaintiff's sitting and threatened termination if it continued.

14. **Health Concerns: During a subsequent call on or about March 21, 2024, Plaintiff reiterated his health concerns, explaining to Psaradelis the swelling in his knee and ankle, and again requested accommodations. Psaradelis warned, "No, keep asking, and you will lose your job."

15. **Injury and Medical Advice: On or about April 13, 2024, Plaintiff was observed limping and displaying obvious swelling in his knee. A Costco employee advised him to sit down to manage his condition. After sitting for two hours, Plaintiff informed Psaradelis of his need to go home due to swelling, to which Psaradelis responded, "You should start looking for a new job."

16. **Manipulation of Sales Data: Around March 15, 2024, Psaradelis began manipulating Plaintiff's sales figures to create the impression that Plaintiff was underperforming.

17. **Management Control**: Psaradelis exerted strict control over the work environment, dictating sales scripts, product placements, hours of work, and break schedules, with Plaintiff utilizing the Defendant's equipment.

18. **Incident of Injury: On or about April 14, 2024, Plaintiff fell in the Costco restroom due to dizziness and lost footing on a wet floor, landing on his injured left knee. When he reported this incident to Psaradelis, he was told, "Keep your mouth shut about it; Costco is on the verge of kicking us out."

19. **Further Injury: The fall exacerbated Plaintiff's existing knee injury, resulting in increased swelling and pain

20. **HR Response: On or about March 24, 2024, Plaintiff spoke with a female HR representative for the Defendant, requesting assistance in obtaining a chair as an

accommodation. She denied his request, stating, "We don't like to do that; Costco wants you standing." When asked for her name, she refused to provide it; this individual is identified as Psaradelis's girlfriend.

21. **Termination Notice**: On or about April 27, 2024, Plaintiff informed Psaradelis of his need for approximately eight days off for urgent hip surgery scheduled for May 1, 2024. Psaradelis responded by terminating Plaintiff's employment.

**I. INTRODUCTION**

1. This is a class action lawsuit brought by Plaintiff Michael Fiorito ("Plaintiff"), on behalf of himself and all other similarly situated individuals (collectively, "Class Members") who are or were employees of DRVM LLC ("Defendant") and who were denied reasonable accommodations for their disabilities and subsequently terminated under pretextual circumstances between January 1, 2017, and October 1, 2024.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it involves federal questions arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this District, and Defendant conducts business in this District.

## III. PARTIES

4. Plaintiff: Michael Fiorito is a resident of Minnesota and was employed by Defendant from February 2024 until his termination in late April 2024.

5.*Defendant: DRVM LLC is a Nevada-based company engaged in the sale of supplements, operating in various locations, including Minnesota. Defendant has not registered to conduct business in Minnesota.

## **IV. CLASS ALLEGATIONS

6. Plaintiff brings this action on behalf of himself and a proposed class defined as follows:

**All employees of DRVM LLC who resided in Minnesota and worked for the Defendant between January 1, 2017, and October 1, 2024, and who were denied reasonable accommodations for their disabilities and subsequently terminated for pretextual reasons

7. Numerosity: The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of dozens, if not hundreds, of individuals.

8. Commonality: There are questions of law and fact common to the Class, including but not limited to:

   a. Whether Defendant had a policy or practice of denying reasonable accommodations to employees with disabilities.

   b. Whether Defendant terminated Class Members for reasons related to their disabilities rather than legitimate business concerns.

   c. Whether Defendant's actions constitute violations of the ADA, the Federal Rehabilitation Act, and the Minnesota Human Rights Act and other Minnesota State Laws

9. Typicality: Plaintiff's claims are typical of the claims of the Class Members. Like other Class Members, Plaintiff was denied reasonable accommodations for his disability and terminated under pretextual circumstances.

10. **Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no conflicts of interest with Class Members and has retained competent counsel experienced in class action litigation.

11. Predominance and Superiority: Questions of law or fact common to the Class predominate over any questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

V. FACTUAL ALLEGATIONS

12. The factual allegations outlined in the preceding sections are incorporated herein by reference.

13. Class Members, including Plaintiff, disclosed their disabilities to Defendant and requested reasonable accommodations in accordance with the ADA and other applicable laws.

14. Defendant systematically denied such requests and retaliated against Class Members by terminating their employment, often citing pretextual reasons while knowing the real motivation was related to their disabilities.

15. As a result of Defendant's actions, Class Members have suffered damages, including lost wages, emotional distress, and other harms.

VI. CLAIMS FOR RELIEF*

Count I: Violation of the Americans with Disabilities Act (ADA)**

16. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

17. Defendant's conduct constitutes unlawful discrimination against individuals with disabilities in violation of the ADA, including but not limited to:

   a. Failing to provide reasonable accommodations to qualified employees with disabilities.

   b. Terminating employees based on their disabilities, rather than legitimate business reasons.

**Count II: Violation of the Federal Rehabilitation Act**

18. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein. It is unknown whether or not the Defendant receives any federal funds, Plaintiff avers that Covid 19 funds received by any company falls within the Federal Rehabilitation Act

19. Defendant's actions violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination against individuals with disabilities in programs or activities receiving federal financial assistance.

20. Plaintiff and Class Members were denied reasonable accommodations and suffered discrimination, injuries and damages in violation of this statute.

**Count III: Violation of the Minnesota Human Rights Act**

21. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

22. Defendant's actions constitute unlawful discrimination under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq., including but not limited to:

   a. Failing to provide reasonable accommodations to employees with disabilities.

   b. Terminating employees on the basis of their disabilities.

23. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class Members have suffered and continue to suffer damages.

**Count IV: Violation of Minnesota Statutes on Employment Discrimination**

24. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

25. Defendant's conduct also violates Minn. Stat. § 181.931, which prohibits discrimination in employment based on disability.

26. Defendant's refusal to accommodate and subsequent termination of Class Members based on their disabilities constitutes a violation of this statute.

CLASS ACTION COMPLAINT

I. INTRODUCTION

1. This is a class action lawsuit brought by Plaintiff Michael Fiorito ("Plaintiff"), on behalf of himself and all other similarly situated individuals (collectively, "Class Members") who are or were employees of DRVM LLC ("Defendant") and who were denied reasonable accommodations for their disabilities and subsequently terminated under pretextual circumstances between January 1, 2017, and October 1, 2024.

**III. PARTIES**

4. **Plaintiff**: Michael Fiorito is a resident of Minnesota and was employed by Defendant from March 2024 until his termination in April 2024.

5. **Defendant**: DRVM LLC is a Nevada-based company engaged in the sale of supplements, operating in various locations, including Minnesota. Defendant has not registered to conduct business in Minnesota and it is unknown if Defendant is authorized to conduct business in Minnesota

IV. CLASS ALLEGATIONS

6. Plaintiff brings this action on behalf of himself and a proposed class defined as follows:

   **All employees of DRVM LLC who resided in Minnesota and worked for the Defendant between January 1, 2017, and October 1, 2024, and who were denied reasonable accommodations for their disabilities and subsequently terminated for pretextual reasons.

7. Numerosity: The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of dozens, if not hundreds, of individuals.

8. Commonality: There are questions of law and fact common to the Class, including but not limited to:

   a. Whether Defendant had a policy or practice of denying reasonable accommodations to employees with disabilities.

b. Whether Defendant terminated Class Members for reasons related to their disabilities rather than legitimate business concerns.

c. Whether Defendant's actions constitute violations of the ADA, the Federal Rehabilitation Act, and the Minnesota Human Rights Act.

9. Typicality: Plaintiff's claims are typical of the claims of the Class Members. Like other Class Members, Plaintiff was denied reasonable accommodations for his disability and terminated under pretextual circumstances.

10. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no conflicts of interest with Class Members and has retained competent counsel experienced in class action litigation.

11. **Predominance and Superiority: Questions of law or fact common to the Class predominate over any questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

*V. FACTUAL ALLEGATIONS:

12. The factual allegations outlined in the preceding sections are incorporated herein by reference.

13. Class Members, including Plaintiff, disclosed their disabilities to Defendant and requested reasonable accommodations in accordance with the ADA and other applicable laws.

14. Defendant systematically denied such requests and retaliated against Class Members by terminating their employment, often citing pretextual reasons while knowing the real motivation was related to their disabilities.

15. As a result of Defendant's actions, Class Members have suffered damages, including lost wages, emotional distress, and other harms.

VI. CLAIMS FOR RELIEF

Count I: Violation of the Americans with Disabilities Act (ADA)

16. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

17. Defendant's conduct constitutes unlawful discrimination against individuals with disabilities in violation of the ADA, including but not limited to:

   a. Failing to provide reasonable accommodations to qualified employees with disabilities.

   b. Terminating employees based on their disabilities, rather than legitimate business reasons.

**Count II: Violation of the Federal Rehabilitation Act

18. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

19. Defendant's actions violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination against individuals with disabilities in programs or activities receiving federal financial assistance.

20. Plaintiff and Class Members were denied reasonable accommodations and suffered discrimination in violation of this statute.

Count III: Violation of the Minnesota Human Rights Act

21. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

22. Defendant's actions constitute unlawful discrimination under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq., including but not limited to:

  a. Failing to provide reasonable accommodations to employees with disabilities.

  b. Terminating employees on the basis of their disabilities.

23. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class Members have suffered and continue to suffer damages.

Count IV: Violation of Minnesota Statutes on Employment Discrimination

24. Plaintiff and Class Members incorporate by reference all preceding paragraphs as if fully set forth herein.

25. Defendant's conduct also violates Minn. Stat. § 181.931, which prohibits discrimination in employment based on disability.

26. Defendant's refusal to accommodate and subsequent termination of Class Members based on their disabilities constitutes a violation of this statute.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that this Court:

1. Certify this case as a class action and appoint Plaintiff as the representative of the Class;  In the event this Honorable Court determines that Plaintiff, for whatever reasons, cannot adequately represent the class Plaintiff respectfully requests the Court appoint counsel for the limited purpose of representing the class

2. Award injunctive relief in the form of a temporary restraining order against Defendant and its employees to immediately cease their unlawful discriminatory policies and practices, and to institute company-wide policies for providing reasonable accommodations;

3. Award punitive damages of $1,000,000 for the Class;

4. Award punitive damages of $200,000 to Plaintiff Fiorito;

5. Award compensatory damages in an amount to be determined by a jury;

6. Award presumed damages in an amount for all plaintiffs to be determined by a jury;

7. Grant class certification;

8. Award damages for all known and unknown Class Members;

9. Grant declaratory relief;

10. Issue an order directing Defendant to self-report its violations to the U.S. Department of Justice's Civil Rights Division;

11. Award attorneys' fees;

18 A

12. Award all costs associated with this action;

13. Grant any other relief this Honorable Court may find fair and just.


Respectfully Submitted,

/s/ _____

Michael Fiorito,

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

____See Attached Pages

_____

_____

_____

_____

_____

—

Date:   October 15, 2024

Signature of Plaintiff   _____

Mailing Address          ___19000 Stratford Road # 105

_____

_____Minnetonka MN   55345

_____

Telephone Number     _____763-357-1659

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number.  Attach additional sheets of paper as necessary.