UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 24-cv-4124 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| DRVM LLC, doing business as Direct Demo, | |
| Defendant. | |

Plaintiff Michael Fiorito alleges that his former employer, DRVM LLC ("DRVM"), discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; the Rehabilitation Act, 29 U.S.C. § 794; and state law. DRVM has moved for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure on the grounds that Mr. Fiorito failed to exhaust administrative remedies prior to filing suit, as required under both the ADA and the Rehabilitation Act. *See* ECF No. 3. For the reasons explained below, DRVM's motion to dismiss will be granted (for the most part) and this action dismissed without prejudice.

Under both the ADA and the Rehabilitation Act, a litigant must both seek and procure a right-to-sue letter from the Equal Employment Opportunity Commission or an appropriate state agency (such as the Minnesota Department of Human Rights) prior to filing suit for alleged discrimination in employment. *See, e.g.*, *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 623 (8th Cir. 2019) ("The ADA requires a plaintiff to file

1

a complaint with the EEOC before filing a suit in federal court."); *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) ("[A] plaintiff suing under the Rehabilitation Act must exhaust administrative remedies."). Mr. Fiorito had not procured a right-to-sue letter prior to filing this lawsuit; as pointed out by DRVM, the Minnesota Department of Human Rights had only just begun its investigation when Mr. Fiorito filed this lawsuit. *See* Declaration of Angela Beranek Brandt Ex. C [ECF No. 6-3].

In response to the motion to dismiss, Mr. Fiorito does not contend that he procured a right-to-sue letter prior to filing suit. Instead, Mr. Fiorito argues that this matter should be permitted to proceed because he procured a right-to-sue letter from the Minnesota Department of Human Services after he had commenced this action, and he believes that it would be a waste of time and resources for this matter to be dismissed due to technical non-compliance at the time of filing. But Mr. Fiorito has submitted no evidence of ever having received any such right-to-sue letter. The evidence submitted by Mr. Fiorito that purports to serve as a right-to-sue letter shows that, upon learning that Mr. Fiorito had jumped the gun and filed a lawsuit in federal court, the Minnesota Department of Human Rights terminated the administrative proceedings that were then ongoing, with Mr. Fiorito's grievance having been regarded by the agency (and by the Equal Employment Opportunity Commission) as having been withdrawn.[1]  *See* Fiorito Ex. C. at 1 [ECF No.

---

[1] When Mr. Fiorito filed this action, 180 days had not passed from the time that the administrative proceedings had commenced, and thus Mr. Fiorito was not permitted to proceed to federal court on employment-discrimination claims under the ADA or the Rehabilitation Act in the absence of a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). That 180-day deadline never arrived, as Mr. Fiorito had terminated the administrative proceedings before that date.

20 at 11]. Far from establishing that he had exhausted administrative remedies, Mr. Fiorito's evidence establishes conclusively that he had not, and Mr. Fiorito's failure to adequately exhaust administrative remedies is fatal to his claims arising under federal law.

DRVM seeks dismissal of Mr. Fiorito's state-law claims on the same exhaustion grounds, but the Court finds that dismissal of the state-law claims is necessary for a different reason. Mr. Fiorito alleges that the Court has original jurisdiction over these claims under 28 U.S.C. § 1332, but he has not adequately alleged that the parties are of diverse citizenship from one another, because he has not alleged facts establishing the state of citizenship of DRVM. *See, e.g.*, *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."). Mr. Fiorito has not identified any of DRVM's members, much less the state of citizenship of those members, in his pleading. Lacking original jurisdiction over the state-law claims, the Court could proceed to the merits of those claims only if supplemental jurisdiction were extended over the state-law claims, *see* 28 U.S.C. § 1367—something that would be inappropriate at this very early stage in the litigation. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (cautioning federal district courts against exercising supplemental jurisdiction where, as here, all federal-law claims are dismissed prior to trial).

Accordingly, this action will be dismissed without prejudice in its entirety—Mr. Fiorito's federal-law claims for failure to exhaust administrative remedies, and his state-law claims for lack of subject-matter jurisdiction. Unfortunately, several loose ends remain to be tied.

First, as part of its motion to dismiss, DRVM asks that "the Court should impose strict filing requirements before Plaintiff can attempt to refile this matter." Def. Mem. at 7 [ECF No. 5]. Broad filing restrictions were recently imposed upon Mr. Fiorito in another case recently filed by Mr. Fiorito in this District, *see Fiorito v. Metropolitan Council*, No. 25-CV-0213 (DSD/DJF), ECF No. 14, and the Court concludes that it is unnecessary to impose what would ultimately be duplicative filing restrictions on Mr. Fiorito as part of this action. Accordingly, this aspect of DRVM's motion to dismiss will be denied.

Second, Mr. Fiorito has requested *in forma pauperis* ("IFP") status in this proceeding, *see* ECF No. 2, and he has filed two requests for the Court to take judicial notice of case law that, in Mr. Fiorito's view, establishes his eligibility for IFP status, *see* ECF Nos. 25 & 26. The Court agrees that, as of the time he filed this action, Mr. Fiorito remained eligible to proceed IFP in federal court. Accordingly, his IFP application is granted. Mr. Fiorito's motions to take judicial notice are denied as moot.

Third, Mr. Fiorito has filed a motion to strike DRVM's memorandum in support of the motion to dismiss as containing what Mr. Fiorito regards as "irrelevant" information regarding his extensive history as a vexatious and frivolous litigant in federal court. *See* ECF No. 12. The motion is brought pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, but Rule 12(f) permits a court to strike material only "from a pleading," and DRVM's memorandum is not a pleading. The motion to strike is denied.

Fourth, Mr. Fiorito has filed a motion for extension of the deadlines in this matter [ECF No. 18] and for a stay to be imposed in this case due to his recent reincarceration [ECF No. 24]. The briefing on DRVM's motion to dismiss had already been completed

4

by the time that Mr. Fiorito had asked for either an extension of the deadlines or a stay, however, and thus there is nothing to extend and no good reason to delay further adjudication of the motion to dismiss. Both of these motions are denied.

Finally, Mr. Fiorito has filed a motion to compel disclosure of various information from DRVM. *See* ECF No. 13. Because this action is being dismissed, this motion is to compel is denied as well. Insofar as Mr. Fiorito seeks sanctions from DRVM or its counsel as part of the motion, this request is frivolous and also denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The motion to dismiss of defendant DRVM LLC [ECF No. 3] is **GRANTED IN PART** and **DENIED IN PART**:

    a. The motion to dismiss is **GRANTED** insofar as DRVM LLC seeks dismissal of the claims of plaintiff Michael Fiorito pursuant to Rule 12 of the Federal Rules of Civil Procedure.

    b. The motion is **DENIED** insofar as DRVM requests that filing restrictions be imposed upon Mr. Fiorito as part of this proceeding.

2. This action is **DISMISSED WITHOUT PREJUDICE** as follows:

    a. Mr. Fiorito's federal-law claims are dismissed for failure to exhaust administrative remedies.

    b. Mr. Fiorito's state-law claims are dismissed for lack of jurisdiction.

3. Mr. Fiorito's application to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

4. Mr. Fiorito's motion to strike [ECF No. 12] is **DENIED**.

5. Mr. Fiorito's motion to compel and for sanctions [ECF No. 13] is **DENIED**.

6. Mr. Fiorito's motion for an extension [ECF No. 18] is **DENIED**.

7. Mr. Fiorito's motion for a stay [ECF No. 24] is **DENIED**.

8. Mr. Fiorito's motions to take judicial notice [ECF Nos. 25 & 26] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 31, 2025                    _s/Katherine M. Menendez_____
                                         Katherine M. Menendez
                                         United States District Judge